1
2
3
4
5
6
7

8              **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  DREW CHARLES CRANE-EL, | Civil No.   11-2176 MMA (JMA) |
| 12                          Petitioner, | |
| 13 | **ORDER:** |
| 14                v. | **(1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS, and** |
| 15  UNITED STATES OF AMERICA, et al., | **(2) DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |
| 16 | |
| 17                    Respondents. | |

18

19          Petitioner, a state prisoner proceeding pro se, has submitted a Petition for Writ of

20   Habeas Corpus pursuant to 28 U.S.C. § 2254.

21              **APPLICATION TO PROCEED IN FORMA PAUPERIS**

22          Petitioner has submitted a request to proceed in forma pauperis along with a prison trust

23   account statement reflecting a $0.00 balance at the California correctional institution in which

24   he is presently confined.  Petitioner cannot afford the $5.00 filing fee.  Thus, the Court

25   **GRANTS** Petitioner's application to proceed in forma pauperis, and allows Petitioner to

26   prosecute the above-referenced action as a poor person without being required to prepay fees or

27   costs and without being required to post security.  The Clerk of the Court shall file the Petition

28   for Writ of Habeas Corpus without prepayment of the filing fee.

## <u>FAILURE TO NAME PROPER RESPONDENT</u>

Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. <u>See</u> <u>id.</u>

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." <u>Id.</u> "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" <u>Id.</u> (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" <u>Id.</u> (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." <u>Ashley v. Washington</u>, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." <u>Ortiz-Sandoval</u>, 81 F.3d at 895.

Here, Petitioner has incorrectly named "United States of America," "State of California," "CMC-West State Prison," and "California Department of Corrections Rehabilitations," as Respondents. In order for this Court to entertain the Petition filed in this action, Petitioner must name the *warden* in charge of the state correctional facility in which Petitioner is presently confined or the *Director* of the California Department of Corrections. <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam)

//

**<u>FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES</u>**

Further, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies.  28 U.S.C. § 2254(b), (c); <u>Granberry v. Greer</u>, 481 U.S. 129, 133-34 (1987).  To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition.  28 U.S.C. § 2254(b), (c); <u>Granberry</u>, 481 U.S. at 133-34.  Moreover, to properly exhaust state court remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights have been violated.  The Supreme Court in <u>Duncan v. Henry</u>, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims <u>under the United States Constitution</u>."  <u>Id.</u> at 365-66 (emphasis added).  For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not only in federal court, but in state court."  <u>Id.</u> at 366 (emphasis added).

Nowhere on the Petition does Petitioner allege that he raised his claims in the California Supreme Court.  In fact, he specifically indicates he did not seek review in the California Supreme Court.  (<u>See</u> Pet. at 5-7.)  If Petitioner has raised his claims in the California Supreme Court he must so specify.  "The burden of proving that a claim has been exhausted lies with the petitioner."  <u>Matthews v. Evatt</u>, 105 F.3d 907, 911 (4th Cir. 1997); <u>see</u> <u>Breard v. Pruett</u>, 134 F.3d 615, 619 (4th Cir. 1998);  <u>Lambert v. Blackwell</u>, 134 F.3d 506, 513 (3d Cir. 1997);  <u>Oyler v. Allenbrand</u>, 23 F.3d 292, 300 (10th Cir. 1994); <u>Rust v. Zent</u>, 17 F.3d 155, 160 (6th Cir. 1994).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of:

//

//

11cv2176

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending.  28 U.S.C. § 2244(d)(2); <u>see</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999). <u>But see</u> <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings.").  However, absent some other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is pending.  <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . ."  Rule 4, 28 U.S.C. foll. § 2254.  Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

## **FAILURE TO STATE GROUNDS FOR RELIEF IN PETITION**

In addition, Rule 2(c) of the Rules Governing Section 2254 Cases states that the petition "shall set forth in summary form the facts supporting each of the grounds . . . specified [in the petition]."  Rule 2(c), 28 U.S.C. foll. § 2254.  <u>See also Boehme v. Maxwell</u>, 423 F.2d 1056, 1058 (9th Cir. 1970) (trial court's dismissal of federal habeas proceeding affirmed where petitioner made conclusory allegations instead of factual allegations showing that he was entitled to relief).

11cv2176

Here, Petitioner has violated Rule 2(c). Although Petitioner does not fail to state generalized federal grounds for relief, he does fail to provide specific factual allegations in support of such grounds.

While courts should liberally interpret pro se pleadings with leniency and understanding, this should not place on the reviewing court the entire onus of ferreting out grounds for relief. Zichko v. Idaho, 247 F.3d 1015, 1020-21 (9th Cir. 2001). The Court finds that the Petition contains conclusory allegations without any specific facts in support of relief. A federal court may not entertain a petition that contains allegations which are conclusory.

This Court would have to engage in a tenuous analysis in order to attempt to identify and make sense of the Petition and its attachments. In order to satisfy Rule 2(c), Petitioner must point to a "real possibility of constitutional error." Cf. Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977) (internal quotation marks omitted). Facts must be stated, in the petition, with sufficient detail to enable the Court to determine, from the face of the petition, whether further habeas corpus review is warranted. Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir. 1990). Moreover, the allegations should be sufficiently specific to permit the respondent to assert appropriate objections and defenses. Harris v. Allen, 739 F. Supp. 564, 565 (W.D. Okla. 1989). Here, the lack of grounds for relief in the Petition prevents the Respondent from being able to assert appropriate objections and defenses.

Due to Petitioner's unsatisfactory showing, the Court **DISMISSES** the action **WITHOUT PREJUDICE**. Should Petitioner decide to file a new petition, he is advised to *clearly and succinctly* state all grounds for relief using the First Amended Petition form sent to Petitioner with this order.

//
//
//
//
//
//

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Petitioner's Motion to Proceed In Forma Pauperis, and **DISMISSES** this action **WITHOUT PREJUDICE** and with leave to amend for Petitioner's failure to name a proper respondent, allege exhaustion of state judicial remedies and state grounds for relief in the petition.  To have this case reopened, Petitioner must, **no later than** <u>**December 6, 2011**</u>, file a First Amended Petition that cures the pleading deficiencies set forth above. ***The Clerk of Court is directed to send Petitioner a blank First Amended Petition.***

   **IT IS SO ORDERED**.


DATED:  September 29, 2011

Hon. Michael M. Anello
United States District Judge